IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL L. ADDERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-507 |
| | ) | Judge Nora Barry Fischer/ |
| C.O. I FERRIER; CO 1 SCHAMP; CO 1 | ) | Magistrate Judge Amy Reynolds Hay |
| JOHNSON; CO 1 BLAKE; LT. FRANK; | ) | |
| SGT MATTHEWS; CO 1 STEPHENS; | ) | |
| CO 1 GAGNON; SGT. AUGUSTINO, | ) | |
| CO 1 WILCHER; LT. YOCUM; CAPT. | ) | |
| BOVO; and CO1 BLAKER; | ) | |
| | ) | |
| Defendants. | ) | Re: Dkt. [75] |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the DOC Defendants' partial motion to dismiss, Dkt. [75], be granted in part, and denied in part. It should be granted to the extent that all claims arising on or before March 8, 2005, should be dismissed as time barred, and it should be denied in part, to the extent that all claims arising on or after March 9, 2005, should not be dismissed as time barred. Furthermore, it is respectfully recommended that Defendant Gagnon be dismissed as a party defendant since all of the allegations of the operative complaint that are made against Defendant Gagnon are based upon actions he allegedly took which occurred before March 8, 2005.

II.   Report

Nathaniel Adderly ("Plaintiff"), having been charged with, *inter alia*, rape, statutory rape,

and corrupting a minor, chose to plead guilty to rape and involuntary deviate sexual intercourse.[1] He committed his crimes in August 1996, when he was twenty three years old. As a consequence of his actions, Plaintiff finds himself incarcerated in the Pennsylvania Department of Corrections. Plaintiff has now brought a civil rights suit in federal court against multiple defendants, who were all employed at SCI-Greene, where Plaintiff was housed at the time of the alleged incidents giving rise to the present suit. Plaintiff alleged that various of the defendants engaged in all kinds of discrete acts of abuse against him from January 2005 until April 14, 2005. Because Plaintiff has sufficiently alleged that the statute of limitations should be equitably tolled as of March 9, 2007, when he is deemed to have filed a complaint in the Eastern District of Pennsylvania, which case was dismissed without prejudice for improper venue and which raised many of the same claims as raised herein, any of Plaintiff's claims that arose on or before March 8, 2005 are time barred and hence must be dismissed.

    A.    <u>Relevant Factual and Procedural History</u>

On March 9, 2007, Plaintiff executed a civil rights complaint against 8 of the Defendants that he has named in the case at hand. Plaintiff filed this civil rights complaint in the Eastern District of Pennsylvania.[2] <u>Adderly v. Ferrier</u>, No. 07-1169 (E.D. Pa.). On March 27, 2007, the Eastern District Court denied the motion to proceed IFP without prejudice to Plaintiff filing the case in the Western District because venue was improper in the Eastern District given that all of

---

[1] <u>See</u>, <u>Commonwealth v. Nathaniel Adderly</u>, No. CP-51-CR-0903161-1996 (Phil. Ct. Com. Pl.). available at:

http://ujsportal.pacourts.us/DocketSheets/CPArchiveReport.aspx?matterID=102413136

[2] Plaintiff named in the Eastern District complaint the following eight defendants: C.O.s Ferrier, Schamp, Johnson, Blake, and Stephens, as well as Sergeants Matthews, Augustino and Franks. The Defendants named in the case at hand but not in the Eastern District complaint are: C.O.s Gagnon, Wilcher, and Blaker, as well as Lieutenant Yocum and Captain Bovo.

the events recounted in the complaint took place at SCI-Greene, which is located within the Western District. Id., (Dkt. 2).

On April 12, 2007, Plaintiff executed his IFP motion and complaint in the case at hand. Dkt. [1] at 1; Dkt. [3] at 4. In that complaint, Plaintiff alleged many discrete acts of abuse by the Defendants and specified therein the dates of the acts.

On March 7, 2008, Plaintiff's "motion requesting permission to relate back" was filed, Dkt. [45], which was treated by the Court as a motion for leave to file an amended complaint to include four new defendants, namely, C.O.s Wilcher and Blaker, as well as Lt. Yocum and Captain Bovo. The Court granted the motion and directed that Plaintiff file an amended complaint to include those four new defendants and allegations against them. Dkt. [52]. Plaintiff eventually filed the amended complaint, adding the four new defendants but in the amended complaint, Plaintiff failed to include dates of the alleged events. Dkt. [58]. The Court ultimately ordered Plaintiff to cure this deficiency by directing that he file a more definite statement. Dkt. [69]. Plaintiff filed a response to that order, requesting that the Court treat his pre-trial narrative statement, (i.e., Dkt. [64]) which he had previously filed, as the more definite statement. Dkt. [70]. The Court denied Plaintiff's request, and ordered that by September 30, 2008, Plaintiff file an amended complaint with the specific dates of Defendants' alleged actions. Dkt. [71]. Plaintiff filed an amended complaint that included some of the dates of the alleged actions of the Defendants and the Plaintiff referred to his Pretrial Narrative Statement which Plaintiff abbreviated as "P.P.N.S." essentially incorporating that Pretrial Statement into his complaint by reference. Dkt. [73] at 1 ("Plaintiff hereby File/submit [sic] inter alia, Plaintiff's Amended Complaint, an Amended Complaint [sic] which follow(s) the outline of (Plaintiff's) pre-trial narrative. . . . The specifics of which are substantially/explicitely [sic]/readily defined

3

inter alia in Plaintiff's Pre-trial Narrative Statement [Doc 64] hereafter referred to as P.P.N.S."). The amended complaint, Dkt. [73], which incorporates the Plaintiff's pre-trial statement is the operative complaint.

Defendants filed a partial motion to dismiss the operative complaint, Dkt. [75], and a brief in support, Dkt. [76]. In the motion and brief, the Defendants pointed out that Plaintiff complained of events occurring as early as January 2005 and as late as April 17, 2005 but that Plaintiff's original complaint in the instant case could not be deemed to have been filed until, at the earliest, April 12, 2007 and, hence, any claim occurring on or prior to April 11, 2005 is time barred. Dkt. [76] at 5. The Court ordered Plaintiff to file a response. Dkt. [77]. Plaintiff filed a response, Dkt. [78] and a brief in support, Dkt. [79]. In those, Plaintiff explained that he had in fact, initiated suit incorrectly in the Eastern District as of March 9, 2007 and, therefore, his claims were not time barred.

  B. Standard of Review

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir.

2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at __, 127 S.Ct. 1955, at 1965 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Lastly, it is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted. Gould Electronics, Inc. v. United States, 220 F.3d

169, 178 (3d Cir. 2000).

    C.    Discussion

The Defendants raised the statute of limitations defense in their partial motion to dismiss and argued that because Plaintiff did not file the instant case until April 12, 2007, (i.e., the date he signed his complaint and IFP application), all claims arising on or prior to April 11, 2005 are time barred. Plaintiff responded that because he filed a similar suit in the Eastern District that was dismissed without prejudice to being refiled in the Western District, his claims are not time barred. We deem Plaintiff's argument to be that he is entitled to equitable tolling of the running of the statute of limitations from the time he filed his first complaint in the Eastern District. Cf. Burnett v. New York Central Railroad Co., 380 U.S. 424 (1965)(wherein the Supreme Court held that the doctrine of equitable tolling applies to FELA cases which are dismissed due to improper venue); Island Insteel Systems, Inc. v. Waters, 296 F.3d 200 (3d Cir. 2002)(addressing equitable tolling in similar situation of filing earlier suit in wrong forum).

Plaintiff explicitly references 42 U.S.C. § 1983, as the basis for his action and this is correct given that Plaintiff's complaint alleges violations of his federal constitutional rights. See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992)("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). Because 42 U.S.C. § 1983 does not contain a statute of limitations, we are instructed to borrow the state statute of limitations for personal injuries. See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996)(statute of limitations for § 1983 is the state statute of limitations for personal injury/tort actions, which, in Pennsylvania, is 42 Pa.C.S.A. § 5524 that establishes a 2 year statute of limitation for tort actions). Hence, Plaintiff would have had two years from the date of

the alleged multiple violations of his rights occurring between January 2005 and April 14, 2005, in which to file his complaint. Pursuant to the prisoner mail box rule,³ Plaintiff is not deemed to have filed his current complaint in this case until, at the earliest, April 12, 2007, more than two years after April 12, 2005.

Plaintiff however contends for the application of the doctrine of equitable tolling.

Because two years is the applicable statute of limitations, and because Plaintiff has not filed his complaint within the required time frame, his claims arising prior to April 12, 2005 would be time barred absent any tolling. Plaintiff claims entitlement to tolling based upon the filing of the case in the Eastern District. The Court notes that Plaintiff did not file his complaint in that case until, at the earliest, March 9, 2007, i.e., the date he signed the complaint and motion to proceed IFP as per the prisoner mail box rule. Thus, even with equitable tolling based upon the filing of the case in the Eastern District, all of Plaintiff's claims arising on or before March 8, 2005 are time barred.

Accordingly, all of the Plaintiff's claims arising on or before March 8, 2005 should be dismissed for failure to state a claim upon which relief can be granted because those claims are time barred. Moreover, given that the only accusations against Defendant C.O. Gagnon

---

³ The "prisoner mail box rule" provides that a pro se prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(dealing with habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying rule to civil rights complaint). In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing the court may deem, for purposes of applying the prisoner mail box rule, the complaint to have been filed on the date Plaintiff executed his IFP application and/or complaint. Cromwell v. Keane, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases).").

contained in the amended complaint, as supplemented by the Plaintiff's pre trial narrative statement, occurred, at the latest, on or before February 28, 2005, Dkt. [64] at 17, ¶ 16, Defendant Gagnon should be dismissed as a party defendant. See also Dkt. [64] at 5, ¶ 8 (recounting events involving Gagnon on or about January 28, 2005).

Accordingly, the Court recommends granting the Defendants' motion to dismiss in part, i.e., to the extent that all of the claims arising on or prior to March 8, 2005 should be dismissed as time barred. The Defendants' motion to dismiss, should be denied in part, i.e., to the extent that it sought to have dismissed any claims arising on March 9, 2005 or thereafter, albeit, such denial should be without prejudice to reasserting such statute of limitations defense and/or laches in a motion for summary judgment, if the Defendants so choose, and if there is a legal/factual argument for denying equitable tolling as to any such claims and/or a ground for laches. See e.g., Burnett, 380 U.S. at 428 ("Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust **not to put the adversary on notice to defend within the period of limitation** and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' Order of Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-349. Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.")(emphasis added); Lyons v. Emerick, 187 Fed.Appx. 219, 222 (3d Cir. 2006)("Despite the fact that Lyons had two years to file his complaint, he waited until the last minute when his schedule was derailed by a delay for the paperwork necessary to file his complaint in forma pauperis. Lyons did not exercise reasonable diligence in pursuing his claims and, thus, is not

eligible for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) ('Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem.')"); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)("To invoke equitable tolling, New Castle must show that it exercised reasonable diligence in investigating and bringing its claims. The district court found that New Castle did not exercise reasonable diligence in investigating and bringing its CERCLA claims. We agree. New Castle discovered NUS' alleged negligence on October 28, 1991-six months before the expiration of the statute of limitations and two years before New Castle filed its lawsuit. At best, New Castle's delay may constitute excusable neglect.") (citations omitted); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 453 (7th Cir. 1990)("When as here the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so. . . . We hold that a plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information.").[4]

To be clear, we do not hold that Plaintiff is entitled to equitable tolling from March 9, 2005 to April 12, 2005. Rather, we merely hold that, in the procedural posture of the case now, i.e., a motion to dismiss, the Defendants have failed to carry their burden, **at this stage**, to show that the complaint fails to state a claim based upon the statute of limitations because the Defendants have not shown that Plaintiff is not entitled to equitable tolling from March 9, 2005 and following. Accordingly, there is nothing in this report that would bar the Defendants from

---

[4] See also Santana Products Inc., v. Bobrick Washroom Equipment, 401 F.3d 123, 138 (3d Cir. 2002)(addressing issue of laches). See also 27A Am. Jur. 2d Equity § 163.

raising the statute of limitations and/or laches in a properly supported summary judgment motion for those claims arising on or after March 9, 2005 to April 12, 2005. Moreover, the Defendants are granted leave to file any such summary judgment motion, limited to the issue of the statute of limitations and/or laches, without prejudice to their filing a second summary judgment motion, which is not so limited, if the Court denies the first summary judgment motion that was limited to the issue of the statute of limitations and/or laches.

III.     Conclusion

For the above stated reasons, the DOC Defendants' partial motion to dismiss, Dkt. [75], should be granted in part, and denied in part. It should be granted to the extent that all claims arising on or before March 8, 2005, should be dismissed as time barred, and it should be denied in part, to the extent that all claims arising on or after March 9, 2005, should not be dismissed as time barred. Furthermore, it is respectfully recommended that Defendant Gagnon be dismissed as a party defendant since all of the allegations of the operative complaint that are made against Defendant Gagnon are based upon actions he allegedly took which occurred before March 8, 2005.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated:  1 June, 2009

cc:   The Honorable Nora Barry Fischer
      United States District Judge

      Nathaniel L. Adderly
      DC-8452
      SCI Frackville
      1111 Altamount Blvd.
      Frackville, PA 17931-2699

      All counsel of record by Notice of Electronic Filing