# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL L. ADDERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 07-507 |
| ) | Judge Nora Barry Fischer/ |
| C.O. I FERRIER; CO 1 SCHAMP; CO 1 ) | Magistrate Judge Amy Reynolds Hay |
| JOHNSON; CO 1 BLAKE; LT. FRANK; ) | |
| SGT MATTHEWS; CO 1 STEPHENS; ) | |
| CO 1 GAGNON; SGT. AUGUSTINO, ) | |
| CO 1 WILCHER; LT. YOCUM; CAPT. ) | |
| BOVO; and CO1 BLAKER; ) | |
| ) | |
| Defendants. ) | Re: Dkt. [105] |

## MEMORANDUM ORDER

Nathaniel Adderly ("Plaintiff"), having been charged with, inter alia, rape, statutory rape, and corrupting a minor, chose to plead guilty to rape and involuntary deviate sexual intercourse. He committed his crimes in August 1996, when he was twenty three years old. As a consequence of his actions, Plaintiff finds himself incarcerated in the Pennsylvania Department of Corrections. Plaintiff brought a civil rights suit in federal court against multiple defendants, all of whom were employed at SCI-Greene, where Plaintiff was housed at the time of the alleged incidents giving rise to the present suit. The Chief Magistrate Judge filed a Report, recommending the grant of summary judgment in favor of the Defendants as to all of Plaintiff's claims. Over his objections, I adopted the Report and entered an order granting summary judgment in favor of the Defendants as to all of Plaintiff's claims. Plaintiff has now filed a motion for reconsideration of my order, granting summary judgment to the Defendants.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The standard for granting a motion to reconsider requires the moving party to establish: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). None of Plaintiff's arguments satisfy this standard.

Plaintiff first claims that I erroneously concluded that Plaintiff never pointed to Grievance 109870 before the Chief Magistrate Judge as the basis for exhausting his January 2005 claims. Dkt. [105] at 1 to 2. Plaintiff points to Dkt. [97] at ¶¶ 7 & 9. Paragraph 7 emphatically does not mention Grievance No. 109870 as I correctly pointed out in the Memorandum order. Dkt. [103] at 3 to 4 and n.1. While Paragraph 9 specifically points to Grievance No. 109870, Plaintiff did so only in response to the Defendants stating that Grievance No. 109870 was Plaintiff's "first grievance" and it concerned the excessive force claim of February 5, 2005. Plaintiff responded that

> Plaintiff denies/disputes this in part. Although grievance # 109870 "pertains to the excessive force allegations["] (inter alia) (including) "the alleged events of Febuery [sic] 5, 2005," Grievance # 109870 is not Plaintiff['] first grievance as Defendants alleges/assert inter alia in fact the text of aforementioned grievance # 109870 (Doc. 92 Ex. 2) includes "I would like the state police to probe this matter (2-5-05 H-block beating inter alia) and do an [sic] massive investigation into this and other matters I have previously addressed (January 2005 incidents as is reflected in Plaintiff's pretrial narrative statement Doc. 66 at ¶6, ¶7, and ¶8 inter alia)"

Dkt. [97] at ¶9. From the context, it is clear that Plaintiff was disputing that Grievance No. 109870 was his first grievance and Plaintiff was not asserting that Grievance No. 109870 exhausted his claims concerning January 2005. Indeed, Plaintiff was arguing in this paragraph of his responsive concise statement of facts that Grievance No. 109870 demonstrates the fact that Plaintiff **previously** grieved or at least addressed the events of January 2005, and so Grievance No. 109870 could not be his "first grievance." Plaintiff was not arguing in Paragraph 9 that Grievance No. 109870 was the grievance that exhausted his January 2005 claims. Thus, Paragraph 9 of Plaintiff's Concise Statement does not establish that Plaintiff argued before the Chief Magistrate Judge that Grievance No. 109870 was the grievance that exhausted his January 2005 claims but merely that Grievance No. 109870 established that he previously grieved or complained about the January 2005 claims and therefore Grievance No. 109870 was not the first grievance as asserted by the Defendants in their concise statement. Hence, Plaintiff has not convinced this Court that in the proceedings before the Chief Magistrate, Plaintiff did point to Grievance No. 109870 as being the grievance that exhausted his January 2005 claims. Moreover, even if he had done so, he has utterly failed to convince this Court that Grievance No. 109870 concerned the events of January 2005 or that I made an error in the Memo Order finding that he had so failed.

Plaintiff next contends that this Court misinterpreted the DVD as showing that Plaintiff was belligerent, non-compliant and in violation of multiple rules. Dkt. [105] at 3 to 4. The DVD speaks for itself and emphatically shows what the Court stated it shows. Plaintiff's attempt to play fast and loose with the truth which was clearly established in the DVD is unavailing and his penchant for attempting to play fast and loose with the truth was aptly so demonstrated by his

revision of history when he repeatedly contradicted the account given in his grievances with the account of the events he has attempted to give in these proceedings. Thus, we likewise reject his complaint that this court wrongly concluded that Plaintiff contradicted himself several times in crucial details.

In an attempt to explain these blatant discrepancies, Plaintiff complained that DOC has a two page limit on grievances and this is his excuse for the discrepancies. Dkt. [105] at 4 to 4. The excuse is singularly unconvincing. Required brevity is no excuse for glaring discrepancies, as for example, the noted difference between his version of the events in his grievance, Dkt. [90-1] at 40 to 41, that he was denied breakfast and lunch trays and his version of the events in his objections, Dkt. [101] at 4, that he was denied not only breakfast and lunch but also dinner as well. See Dkt. [103] at 8 to 9. In other words, and to be explicit, Plaintiff's "evidence," i.e., his sworn statements, when considered in light of the whole record, is/ are simply too incredible to be believed by a reasonable jury within the contemplation of Kreimar v. Bureau of Police for Town of Morristown, 958 F.2d 1242, 1250 (3d Cir. 1992). Plaintiff's penchant for playing fast and loose with the truth, should not be rewarded with a vacation trip out of the prison for a trial in federal court on such incredible evidence.

In like manner, Plaintiff's pleas of paper shortage so as to explain why Plaintiff's objections (which were filed on June 16, 2010 and on June 18, 2010, i.e., Dkt. Nos. [101] & [102] and which consisted of 12 pages) were "minimally, sparsely, [and] sparingly" responsive to the Report, Dkt. [105] at 10, rings hollow, given all of the paper expended by him both before and after his objections were filed and given all of the paper Plaintiff expended in Plaintiff's nearly contemporaneous filings in his other pro se case of Adderly v. Roddy, No. 07-cv-666

(M.D. Pa.), as for example on June 4, 2010, he expended 10 pages filing Dkt. [76], and on June 9, 2010, he expended 5 pages of paper filing Dkt. [77] in the Middle District case.

Nest, we take up Plaintiff's argument that he did exhaust Grievance No. 109221 and that we erred in finding to the contrary. Even if, as Plaintiff contends, that he did in fact rectify the shortcomings in Grievance No. 109221 by providing to the third level Secretary of Inmate Grievance and Appeals the required copies of the earlier stages of the grievance process, Dkt. [105] at 7, Plaintiff failed to argue this in his objections and his excuse of lack of paper being unavailing, we find that he cannot now argue this for the first time in his motion for reconsideration and thereby prevail. See, e.g., Cao v. Puerto Rico, 525 F.3d 112, 115-16 (1st Cir. 2008)("The presentation of a previously unpled or undeveloped argument in a motion for reconsideration neither cures the original omission nor preserves the argument as a matter of right for appellate review."); Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh, Civ.A. No. 09-261, 2009 WL 4016624 at *1 (W.D.Pa., Nov. 17, 2009)("Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made" earlier) . Furthermore, Plaintiff's supposed rectification of the deficiency, does nothing to the alternative finding that Plaintiff failed to name the Defendants in the grievance as required and so procedurally defaulted his claims on this independent ground. Dkt. [103] at 9 to 10.

Next, Plaintiff asks this Court to reconsider its finding that Plaintiff could not establish his claim of excessive force regarding the alleged April 5, 2005 incident involving Defendant Ferrier. No matter what, even if gloves were worn by Defendant Ferrier, (as Defendant now claims for the **first** time in his motion for reconsideration, which provides another reason for denying the motion insofar as this claim is concerned), a punch to the face should have left a

5

mark and as noted, no mark was left. Plaintiff's claims are unsupported by the medical evidence in the form of the Nurse's notes following her examination occurring immediately after the incident, showing no such marks or injuries. Plaintiff's complaints that the Defendants did not provide the Court with the medical evidence from the follow up sick call (which the Nurse who examined Petitioner immediately after the use of force had arranged), Dkt. [105] at 8, for the inference that it took a while for the injuries to manifest themselves, has the burden wrong. It was Plaintiff's burden to establish the excessiveness of force and so it was his burden to provide the medical evidence to establish such excessiveness, not the Defendants to establish otherwise. See, e.g., Nakamura v. City of Hermosa Beach, NO. CV06-06776, 2009 WL 1445400, at *12 (C.D.Cal., May 20, 2009)("'Plaintiff presents no evidence other than his subjective complaints' of injury and 'does not provide corroborating evidence from medical records or other witnesses.'"), aff'd, 2010 WL 1253882 (9th Cir. March 30, 2010)(non-precedential); Millbrook v. Prine, NO. 06-4043, 2007 WL 2937129, at *5 (C.D.Ill., June 28, 2007)("The plaintiff also alleges he saw other medical personnel, but has failed to provide any evidence from these individuals. No reasonable jury could determine that the plaintiff had sustained his burden of proof on the use of excessive force.").

Because Plaintiff failed to carry his heavy burden[1] required to succeed on a motion for reconsideration, the Court hereby DENIES the Plaintiff's "Motion for Reconsideration inter alia Under LR 7.10 and/or to Alter or Amend the Judgment Under Federal Rules of Civil Procedures Rule 59(e) inter alia." Any of Plaintiff's arguments not specifically mentioned herein were

---

[1] Florida Power and Light Co. v. U.S., 66 Fed.Cl. 93, 96 (Fed.Cl., 2005)("a party moving for reconsideration under FRCP 59 bears a heavy burden").

considered and found wanting.

Lastly, the court again certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

s/Nora Barry Fischer  
Nora Barry Fischer  
United States District Judge

Dated: July 20, 2010

cc: Amy Reynolds Hay  
     Chief Magistrate Judge

     Nathaniel L. Adderly  
     DC-8452  
     SCI Dallas  
     1000 Follies Road  
     Dallas, PA 18612

     All counsel of record via CM/ECF